UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ASHLEY NICHOLE BERGHEGER,<br><br>Plaintiff,<br><br>v.<br><br>COMENITY BANK,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:16-cv-08731<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes ASHLEY NICHOLE BERGHEGER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of COMENITY BANK ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a 23 year old person residing at 303 Hansford Street, Carthage, Illinois which falls within the Central District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately 2014, Plaintiff was issued a consumer credit card through Defendant which she used to make purchases of household goods and services. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

9. After using the consumer credit card, Plaintiff would regularly make payments to Defendant. *See* Exhibit A.

10. Unfortunately, Plaintiff defaulted on her contractual payments to Defendant. *Id.*

11. Following Plaintiff's failure to pay the consumer credit card she started receiving collection calls from Defendant to her cellular phone, (217) XXX-5582. *Id.*

12. The number that Defendant would regularly call Plaintiff from was (614) 212-7531. *Id.*

13. Defendant would call Plaintiff as many as seven times during the same day. *Id.*

14. Some of the calls from Defendant would be as close as 15 minutes apart.

15.  During some of the calls, Defendant would leave a prerecorded message on Plaintiff's voicemail.  *Id.*

16.  On the calls that Plaintiff spoke with a live representative, she would experience a brief pause after answering and before being connected with someone.  *Id.*

17.  During the summer of 2015, Plaintiff spoke with Defendant and instructed it to cease contacting her.  *Id.*

18.  Plaintiff, having previously worked in a call center, demanded that Defendant place her on the "Do Not Call List".  *Id.*

19.  Despite Plaintiff's demand, Defendant continued to place calls to her cellular phone.  On at least one occasion Defendant threatened legal action if she did not make payment.  *Id.*

20.  Frustrated over Defendant's constant calls and its threat of legal action, Plaintiff used her tax refund to pay the consumer credit card in full.  *Id.*

21.  Despite Plaintiff's payment, Defendant still continued to place calls to her cellular phone.  *Id.*

22.  Plaintiff has received no less than 75 automated calls from Defendant.

23.  Faced with the realization that Defendant would not cease contacting her despite requests to do so, Plaintiff authorized Sulaiman to bring the instant proceeding.

24.  Plaintiff has suffered financial loss as a result of Defendant's actions.  Due to Defendant's frequent calls and threats, Plaintiff used her tax refund to pay the consumer credit card in full.

25.  Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

26. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions.

.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The prerecorded messages left on Plaintiff's voicemail are typical of the variety generated by an ATDS. Additionally, the brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Finally, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

31. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

32. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ASHLEY NICHOLE BERGHEGER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

36. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff

through means of an ATDS when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, calling as many as seven times during the same day. Plaintiff specifically told Defendant not to contact her anymore. However, Defendant ignored Plaintiff's prompts and continued to seek payment from her.

39. It was also unfair and deceptive for Defendant to threaten legal action towards Plaintiff in an attempt to obtain payment from her. As a sophisticated financial institution, Defendant has a unique understanding into consumer's fear over legal action. Defendant exploited this concern in order to coerce Plaintiff into paying the consumer credit card in full. Plaintiff acquiesced to Defendant's threats by using her valuable tax return to make payment.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 20 through 27, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, ASHLEY NICHOLE BERGHEGER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 7, 2016                Respectfully submitted,

                                             s/ Nathan C. Volheim
                                             Nathan C. Volheim, Esq. #6302103
                                             Counsel for Plaintiff
                                             Admitted in the Central District of Illinois
                                             Sulaiman Law Group, Ltd.
                                             900 Jorie Boulevard, Suite 150
                                             Oak Brook, Illinois 60523
                                             (630) 575-8181 x113 (phone)
                                             (630) 575-8188 (fax)
                                             nvolheim@sulaimanlaw.com